VIRGILIO RIVERA AROMI, Plaintiff and Appellee, *v.* MUNICIPAL ASSEMBLY OF PATILLAS, Defendant and Appellant.

No. 4466. Argued April 24, 1928.—Decided January 30, 1929.

*M. Martínez Dávila* for the appellant. *Arcilio Alvarado* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Virgilio Rivera Aromi petitioned the District Court of Guayama for a writ of certiorari against the Municipal Assembly of Patillas and prayed the court for a judgment declaring void the municipal ordinance by virtue of which the assembly removed the petitioner from the position of municipal director of charities and ordering consequently that the petitioner continue in the discharge of the duties of his office, with immediate suspension of the actions of the assembly until otherwise determined by the court.

The writ was issued as requested. The defendant appeared and filed the return accompanied by a motion for the dismissal of the petition and the discharge of the writ issued.

The court took under consideration the case as a whole and, disposed of it by a judgment of November 28, 1927, holding void the ordinance attacked, ordering that the petitioner continue in his position as if that ordinance had not been passed and imposing the costs and attorney's fees on the assembly.

The assembly appealed and has assigned five errors in its brief.

The first is that the court committed error in holding that certiorari was the proper proceeding for reviewing the acts of the assembly in a case of this nature, citing in support of its contenion the case of *Coll* v. *Todd, Mayor,* 35 P.R.R. 572, as follows:

"(1) We are somewhat inclined to agree with the appellee that the certiorari under the municipal law is not the mode of revising the act of the mayor in removing a municipal officer. The pertinent section is as follows (Laws of Porto Rico, 1924, page 106):

"'Section 65. That on motion of the aggrieved party the district courts shall have jurisdiction—

"'(a) To annul or review by writ of *certiorari* any legislative or administrative act of the municipal assembly, mayor or other municipal officer, which infringes the constitutional rights of the complainant or which is contrary to the Organic Act or the laws of Porto Rico.'

"The record does not disclose that any constitutional right of the petitioner was violated or that anything was done contrary to the Organic Act or the laws of Porto Rico. We do not understand that the destitution of an officer even without cause comes within these provisions."

The same juridical situation found in the *Coll Case, supra,* exists in the present case. We might stop here and reverse the judgment appealed from. However, as was done in that case, we shall proceed further in its consideration.

The second assignment of the appellant is that the district court erred in refusing to dismiss the petition as it was directed against the assembly and not against the mayor who was the official having authority to appoint and remove the plaintiff.

The facts in the present case are rare indeed.

It is alleged in the petition: That "from December 15, 1925, to this date the petitioner has been discharging his duties as such director of charities by virtue of the appointment legally made by the defendant municipal assembly in the session held on December 14, 1925, that appointment becoming permanent because it had not been vetoed or disapproved by the mayor of the Municipality of Patillas, P. R., within five days following the date on which it was made." And from the return it appears that at the session of the assembly of December 14, 1925, "its president submitted the name of Dr. Virgilio Rivera Aromi to be appointed provision-

ally as municipal director of charities. Mr. Figaredo said that his attention should be called to the service to be given to the patients from the country so as to avoid future disputes. The assembly resolves to accept the proposed appointment in accordance with the statement of Mr. Figaredo.''

It is alleged also in the petition that in its regular session of August 12, 1927, the assembly removed the petitioner, the return showing that on that date the assembly adopted a resolution reading in part as follows:

"Be it resolved by the Municipal Assembly of Patillas, Porto Rico:

"First: That the Municipal Assembly in its general session held on December 14, 1925, temporarily appointed Dr. Virgilio Rivera Aromi as Municipal Director of Charities of this municipality.

"* &ast; &ast; &ast; &ast; &ast; &ast;

"Fourth: That in order to improve the said service the Assembly resolves that the services of Dr. Rivera Aromi be discontinued, which services, owing perhaps to their temporary nature, are not rendered by him with the same pleasure as they would be if the appointment were permanent."

In accordance with the municipal law in force on December 14, 1925 (Acts of 1925, p. 708), the power to appoint the petitioner was held by the mayor with the consent of the assembly and not by the assembly. So that in conformity with the wording of the petition the petitioner never had a valid appointment, for the theory of the validation of the appointment by the absence of opposition on the part of the mayor can not be accepted.

In conformity also with the law in force on August 12, 1927 (Acts of 1925, p. 708), it was the mayor who had authority, following the proper procedure, to remove the petitioner.

That being so, as the appointment and the removal were within the discretion of the mayor, nothing valid was done until the mayor acted. The petition is not directed against the mayor. Nothing is stated therein as to any action having

been taken by the mayor. Therefore no real case has arisen for the action of the court. It does not appear that the petitioner has been really injured. If his appointment had been made by the mayor and in its session of December 1, 1925, the assembly had merely given its consent, as maintained by the trial judge in his opinion and by the appellee in his brief, varying the facts alleged in the petition and its theory, until removed by the mayor the petitioner would continue in the discharge of his office.

That is the reason why in *Cantres* v. *Municipality of Río Grande,* 34 P.R.R. 765, this court expressed itself as follows:

"The petition is not properly directed. It is brought against the municipality as an entity and against the municipal assembly. The case of *Rodríguez* v. *Municipality of Guánica,* 31 P.R.R. 469, cited by the petitioner, is not applicable. That decision is based on a different legal situation, or when the municipal assemblies were invested with the power of appointing the council of administration. See section 28 of Act No. 85 of July 31, 1919 (p. 700). That Act was amended and the power to appoint the executive officers passed to the mayor, as provided by sections 28 and 29 of Act No. 11 of June 3, 1924 (p. 83). The appointment of the petitioner was made under that Act and the mayor is the party who should have been made defendant."

The other assignments refer to the rights of a *pro tempore* officer, as was the petitioner, and to certain conclusions of the trial judge as stated in his opinion. It is not necessary nor opportune to discuss them.

Both because certiorari was not the proper remedy and because a real case was not presented to the court, the judgment appealed from is reversed, the writ is discharged and the petition is dismissed.